IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CORDELLRA MCCALEY**                                                                                  **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:18-cv-43-DCB-MTP**

**PELICIA HALL, ET AL.**                                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for TRO [18], Motion for Injunctive Relief [41], and Motion for Injunctive Relief [62]. Having considered the Motions and the applicable law and having conducted a hearing on the Motions, the undersigned recommends that the Motions be DENIED.

In this civil rights action brought by a state prisoner under 42 U.S.C. § 1983, Plaintiff complains that medical professionals at the Mississippi State Penitentiary ("Parchman"), Central Mississippi Correctional Facility ("CMCF"), and Wilkinson County Correctional Facility ("WCCF") failed to provide him adequate medical care.[1] Plaintiff also complains that officials at WCCF failed to protect him from other inmates.[2] *See* Omnibus Order [70].

In his Motion for TRO [18], Plaintiff alleges that certain non-defendants—Barbara Scott, Sgt. Reese, and other unnamed officers—have threatened him and acted unprofessionally toward him because he "wrote them up" and because they do not want him informing prison officials about drugs being smuggled into the prison. As relief, Plaintiff wants his custody level restored and his job in the kitchen restored.

---

[1] These Defendants include Dr. William Barr, Dr. James Burke, Dr. Keith Stokes, and Gloria Perry.

[2] These Defendants include Jody Bradley, Karen Brown, Olivia Trask and Mary Groom.

1

In his Motion for Injunctive Relief [41], Plaintiff again complains that prison officials have threatened him. Plaintiff specifically complains that a dental assistant, Ms. Pulliam, threatened to kill him. As relief, Plaintiff seeks an order from the Court requiring prison officials to act professionally.

In his Motion for Injunctive Relief [62], requests that the Court order prison officials to stop harassing him and stop downgrading his custody level. Additionally, Plaintiff complains that Inmate Reshawn Jones, who is housed in administrative segregation along with Plaintiff, attempted to attack him and poses a threat to him.

To obtain a temporary restraining order or preliminary injunction, Plaintiff must satisfy the stringent requirements set forth in *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985). Accordingly, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Id*; *Women's Med. Ctr. of NW Houston v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001). These requirements are not balanced. Instead, each one must be met before the Court can provide relief. "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2s 1115, 1121 (5th Cir. 1976).

During the hearing on the Motions, Plaintiff stated that, in July of 2018, he had a medium custody level and was working in the prison kitchen. Prison officials, however, wrote him rule violation reports ("RVRs"), which resulted in a custody level downgrade and the loss of his job in the kitchen. Plaintiff again complained that the dental assistant, Ms. Pulliam, threatened to

kill him and refused to provide him a teeth cleaning.  Although Sgt. Savage was not mentioned in any of Plaintiff's Motions, during the hearing Plaintiff complained that Sgt. Savage issued him RVRs and failed to do anything about the other officers threatening him.  Plaintiff requested that the Court protect him from all threats from prison officials.

During the hearing, Plaintiff submitted copies of his sick calls requesting a teeth cleaning and other dental care, affidavits stating that Sgt. Savage threatened him, and RVRs issued against him. *See* Exhibits [69-1] [69-2].  In response, Defendants submitted a detention notice from May 23, 2018, stating that Plaintiff was moved to administrative segregation because he alleged that his cellmate attacked him and another from July 3, 2018, stating that he was again moved to segregation because he refused to be moved to another unit. Exhibit [69-3] at 9, 13.  Defendants also submitted a reclassification score sheet from October 1, 2018, indicated that Plaintiff's custody level was downgraded because he was convicted of possessing contraband in prison (cell phone, charger, and earbuds) and previously attempted to escape prison. [69-3] at 28, 26. Additionally, Defendants demonstrated that Plaintiff is now kept separate from Sgt. Savage due to "fear that he may become hostile toward this staff member" and that Inmate Reshawn Jones, who Plaintiff claims is a threat to him, is no longer housed in administrative segregation with Plaintiff [69-3] at 19, 31-32.

In the opinion of the undersigned, Plaintiff has failed to meet the requirements for injunctive relief.  Plaintiff did not demonstrate that there is a substantial likelihood of success on the merits or that a substantial threat of irreparable harm exists.  Courts will rarely interfere with decisions relating to how inmates should be classified or where inmates should be housed. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding that prisoners have no constitutional right to be incarcerated in a certain facility or unit).  Moreover, the evidence presented at the

hearing show that the changes in Plaintiff's custody level and housing assignments resulted from Plaintiff's wrongful actions and his altercations with other inmates and prison staff members. During the hearing, Plaintiff admitted that he possessed contraband, and he failed to demonstrate that any RVR was wrongfully issued. The evidence also showed that Inmate Jones, who allegedly posed a threat to Plaintiff, is no longer housed with Plaintiff.

Additionally, allegations of verbal abuse and threatening language do not amount to constitutional violations. *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983). Plaintiff also failed to show that loss of a job in the kitchen or failure to provide a teeth cleaning warrants extraordinary relief. Plaintiff has not demonstrated that his is an exceptional case and has not "clearly carried the burden of persuasion" on all four requirements for injunctive relief. *See Mississippi Power*, 760 F.2d at 621. Plaintiff's claims can be addressed in due course on the merits by motions and/or trial.

## RECOMMENDATIONS

Based of the foregoing, the undersigned recommends that:

1. Plaintiff's Motion for TRO [18] be DENIED,

2. Plaintiff's Motion for Injunctive Relief [41] be DENIED, and

3. Plaintiff's Motion for Injunctive Relief [62] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  THIS the 31st day of January, 2019.

                s/ Michael T. Parker
                United States Magistrate Judge