IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CORDELLRA MCCALEY                                              PLAINTIFF

V.                                       CAUSE ACTION NO. 5:18-cv-43

PELICIA HALL, ET AL.                                          DEFENDANTS

ORDER

Before the Court are the plaintiff's Motion for TRO [Doc. 18], Motion for Injunctive Relief [Doc. 41], Motion for Injunctive Relief [Doc. 62], and United States Magistrate Judge Michael T. Parker's Reports and Recommendations [Docs. 71 and 72].

Magistrate Judge Parker recommends that the plaintiff's motions [Docs. 18, 41, 62] be denied. Doc. 71, p. 4. He also recommends that Pelicia Hall be dismissed with prejudice, that Monica Carter be dismissed with prejudice, and that the case continue as to the remaining defendants. Doc. 72, p. 1. For reasons that follow, Magistrate Judge Parker's Reports and Recommendations [Docs. 71 and 72] are ADOPTED.

The plaintiff brings this civil rights action under 42 U.S.C. § 1983. The plaintiff complains that medical professionals at the Mississippi State Penitentiary ("Parchman"), Central Mississippi Correctional Facility ("CMCF"), and Wilkinson County Correctional Facility ("WCCF") failed to provide him adequate medical care. The

plaintiff also complains that officials at WCCF failed to protect him from other inmates. In his motion for TRO [Doc. 18], the plaintiff alleges that non-defendants, Barbara Scott, Sgt. Reese, and other unnamed officers, have threated him and acted unprofessionally toward him because he "wrote them up" [Doc. 18, p. 1] and because they do not want him informing prison officials about drugs being smuggled into prison. As relief, the plaintiff requests that his custody level and his kitchen job be restored.

In his motion for injunctive relief [Doc. 41], the plaintiff complains that prison officials are treating him unfairly and specifically, that a dental assistant, Ms. Pulliam, threatened to kill him. As relief, the plaintiff requests that the Court order prison officials to act professionally, without retaliation.

In his motion for injunctive relief [Doc. 62], the plaintiff requests that the Court order prison officials to stop harassing him and stop downgrading his custody level. Doc. 62, p. 1. The plaintiff complains that Inmate Reshawn Jones, who is housed in administrative segregation along with the plaintiff, attempted to attack him and poses a threat to him. Doc. 62, p. 2.

The requirements for obtaining a TRO or preliminary injunction, the plaintiff must demonstrate (1) a substantial likelihood that the plaintiff will prevail on the merits; (2) a substantial threat that irreparable injury will result if the

injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the plaintiff; and (4) that granting the preliminary injunction will not disserve the public interest. Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985)(internal citation omitted). The decision to grant or deny a preliminary injunction is discretionary with the district court. Id. A preliminary injunction is an extraordinary remedy. Id. It should only be granted if the plaintiff has clearly carried the burden of persuasion on all four of the requirements. Id.

During the hearing on the motions, the plaintiff stated that, in July 2018, he had a medium custody level and was working in the prison kitchen. Doc. 71, p. 2. Prison officials, however, wrote him rule violation reports ("RVRs"), which resulted in a custody level downgrade and the loss of his kitchen job. Id. The plaintiff again complained that the dental assistant, Ms. Pulliam, threatened to kill him and refused to provide him a teeth cleaning. Doc. 71, pp. 2-3. Although Sgt. Selvage was not mentioned in any of the plaintiff's motions, during the hearing, the plaintiff complained that Sgt. Selvage issued him RVRs and failed to do anything about the other officers threatening him. Doc. 71, p. 3. The plaintiff requested that the Court protect him from all threats from prison officials. Id.

3

During the hearing, the plaintiff submitted copies of his sick calls requesting a teeth cleaning and other dental care, affidavits stating that Sgt. Selvage threatened him, and RVRs issued against him. See Docs. 69-1, 69-2. In response, the defendants submitted a detention notice from May 23, 2018, stating that the plaintiff was moved to administrative segregation because he alleged that his cellmate attacked him and another from July 3, 2018, stating that he was again moved to segregation because he refused to be moved to another unit. Doc. 69-3, pp. 9, 13. The defendants also submitted a reclassification score sheet from October 1, 2018, indicating that the plaintiff's custody level was downgraded because he was convicted of possessing contraband in prison and previously attempted to escape prison. Doc. 69-3, pp. 28, 26. Additionally, the defendants demonstrated that the plaintiff is now kept separate from Sgt. Selvage due to "fear that he may become hostile toward this staff member" and that Inmate Reshawn Jones, who the plaintiff claims is a threat to him, is no longer housed in administrative segregation with the plaintiff. Doc. 69-3, pp. 19, 31-32.

Magistrate Judge Parker finds that the plaintiff has failed to meet the requirements for injunctive relief because he did not demonstrate that there is a substantial likelihood of success on the merits or that a substantial threat of irreparable harm exists. Doc. 71, p. 3. Also, the evidence presented at the hearing shows

4

the changes in the plaintiff's custody level and housing assignments resulted from the plaintiff's wrongful actions and altercations with other inmates and prison staff members. At the hearing, the plaintiff admitted that he possessed contraband, and he failed to demonstrate that any RVR was wrongfully issued. The evidence also showed that Inmate Jones is no longer housed with the plaintiff. Allegations of verbal abuse and threats do not amount to constitutional violations. See McFadden v. Lucas, 713 F.2d 143 (5th Cir. 1983). The plaintiff failed to show that loss of a job in the kitchen or failure to provide a teeth cleaning warrant extraordinary relief. Therefore, the plaintiff has not met his burden of proving all four requirements for injunctive relief. See Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The plaintiff filed an Objection [Doc. 75], stating that he had proven to the Court that he is being harassed by prison officials and other inmates. In his Objection, the plaintiff reiterated arguments he already made. The plaintiff does make one new argument that prison officials are paying other offenders to assault him. Doc. 75, p. 4. However, this new allegation, without more, fails to demonstrate a substantial likelihood that the plaintiff will prevail on the merits or that substantial threat that irreparable injury will result if the injunction is not granted. See Miss. Power & Light Co., 760 F.2d 618. Therefore, the

Court finds the plaintiff still has not met his burden for obtaining a TRO. Therefore, the plaintiff's motions **[Docs. 18, 41, 62]** are DENIED.

Regarding Magistrate Judge Parker's second Report and Recommendation [Doc. 72], no objection is filed. The parties appeared before Magistrate Judge Parker and participated in an omnibus hearing on January 24, 2019. During the hearing, the plaintiff stated that he no longer wishes to pursue his claims against Pelicia Hall and Monica Carter and requested that Hall and Carter be dismissed from this action. The Court explained that the dismissal of Hall and Carter would be with prejudice. The plaintiff testified that he understood the consequences of such a dismissal. The plaintiff also testified that he is of sound mind and judgment, is not under any undue influence or pressure to dismiss his claims against these defendants, and is doing so voluntarily. No defendant opposed the plaintiff's request. Therefore, Magistrate Judge Parker recommends that Pelicia Hall be dismissed with prejudice, Monica Carter be dismissed with prejudice, and that the case continue as to the remaining defendants. Doc. 72, p. 1. This Court adopts the Report and Recommendation [Doc. 72]'s findings and conclusions as its own. Therefore, Pelicia Hall and Monica Carter are DISMISSED with prejudice.

Accordingly,

IT IS ORDERED that Magistrate Judge Parker's Reports and Recommendations [Docs. 71 and 72] are ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that Pelicia Hall and Monica Carter are DISMISSED from this action with prejudice;

IT IS FURTHER ORDERED that the plaintiff's motions [Docs. 18, 41, 62] are DENIED;

IT IS FURTHER ORDERED that this case shall continue as to the remaining defendants.

SO ORDERED this the 8th day of March, 2019.

                                             /s/ David Bramlette
                                             UNITED STATES DISTRICT JUDGE