IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

CORDELLRA MCCALEY                                           PLAINTIFF

v.                          CIVIL ACTION NO. 5:18-cv-43-DCB-MTP

GLORIA PERRY, ET AL.                                       DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 139], to which no objections were filed by the Plaintiff. Having carefully reviewed the same, the Court finds that the Report and Recommendation to be well taken.

Magistrate Judge Parker recommends that Defendants Dr. William Barr, Dr. James Burke, and Dr. Keith Stokes Motion for Summary Judgment [ECF No. 97] be GRANTED. Plaintiff sues the aforementioned defendants for denial of adequate medical care in violation of the Eighth Amendment. In their Motion for Summary Judgment, Doctors Barr, Burke, and Stokes assert that they are entitled to judgment as a matter of law because Plaintiff has failed to demonstrate that any Defendant acted with deliberate indifference in treating the Plaintiff. The medical records show that the Plaintiff received extensive medical care; he was provided constant treatment by the medical staff in the prisons, was taken to see an ophthalmologist or surgeon on at least eight occasions; and Plaintiff has failed to demonstrate that the

1

surgery he wanted was medically necessary. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Davidson v. Texas Dep't of Criminal Justice, 91 Fed.App'x 963, 965 (5th Cir. 2004)(quoting Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)). Plaintiff has failed to submit evidence that demonstrates the Defendants were deliberately indifferent to his serious medical needs.

Magistrate Judge Parker recommends that Defendant Gloria Perry's Motion for Summary Judgment [ECF No. 101] be GRANTED. Plaintiff alleges that Defendant Perry – who he claims is or was the Mississippi Department of Corrections official in charge of the nurses and the final decision maker regarding prisoner appointments with outside medical providers – denied him adequate medical care. However, as Magistrate Judge Parker found, the Plaintiff received adequate medical care and has not been able to allege facts sufficient to rise to the level of a constitutional violation, i.e., a deliberate indifference to the prisoner's serious medical needs.

Magistrate Judge Parker recommends that Defendants John Bradley, Mary Groom, Karen Brown, and Olivia Trask's Motion for

2

Summary Judgment [ECF No. 104] be GRANTED. Plaintiff sues the aforementioned defendants for failing to protect him in violation of the Eighth Amendment. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) requires prisoners to exhaust any available remedies prior to filing suit under 42 U.S.C. § 1983. Plaintiff has failed to exhaust his administrative remedies prior to filing this action; therefore, he may not proceed with his claims against Defendants Bradley, Brown, Groom, and Trask.

Prior to receiving Magistrate Judge Parker's Report and Recommendation, Plaintiff signed a document on January 12, 2020 labeled "Complaint Against 'M.D.O.C.'". The document was filed by the Clerk of the Court on January 21, 2020 – after the Report and Recommendation. As the "Complaint Against M.D.O.C." was written and signed prior to the Report and Recommendation, it cannot be construed as an objection. To the extent that it is deemed an Amended Complaint, it has no legal operative effect as the Plaintiff did not request leave from the Court to file an amendment. See F.R.Civ.P. 15(a)(allowing a party to amend its pleading once as a matter of course within 21 days after serving it, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), but requiring either the opposing party's written consent or the Court's leave in all other cases); see also, U.S. ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 295 (5th Cir. 2003).

Here, the original Complaint was filed in 2018, well outside the parameters of the 21 day period.

However, even should the Court consider the fact that the Amended Complaint was filed to be evidence of a request, the Court will not grant leave. The "Complaint Against M.D.O.C." does not state an allegation against a specific individual in the prison. Additionally, the "amended complaint" does not request relief or state a claim other than the Plaintiff's statement that he is "having Constitutional problems inside the Mississippi prison system," and that the he "can't even receive adequate medical care due to officials being scared to move me around." [ECF No. 140]. As previously discussed, the Court has found that Plaintiff received adequate medical care and the "Complaint Against M.D.O.C." does not provide any new or relevant information regarding that claim.

The "Complaint Against M.D.O.C." also alleges:

> "M.D.O.C. officials aren't allowing me to receive medical care claiming that they are only trying to protect me from harm, which isn't true it's out of retaliation[.] [O]fficials are using offenders to create situations as a way to keep me behind a cell door 24-hours a day hoping I commit suicide."

As to any claim of retaliation, the Fifth Circuit has made clear that an inmate "must allege more than his personal belief that he is the victim of retaliation." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). The inmate must allege facts that

establish direct evidence of retaliatory motivation or "a chronology of events from which retaliation may plausibly be inferred." Id. Plaintiff has alleged no such facts to support a claim of retaliation. Therefore, it would be futile to allow the amended complaint to go forward. See Varela v. Gonzales, 773 F.3d 704 (5th Cir. 2014)("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal.")(internal citations omitted).

Accordingly,

IT IS HEREBY ORDERED and ADJUDGED that the Court ADOPTS Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 139] as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Defendants Dr. William Barr, Dr. James Burke, and Dr. Keith Stokes's Motion for Summary Judgment [ECF No. 97] is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant Gloria Perry's Motion for Summary Judgment [ECF No. 101] is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants John Bradley, Mary Groom, Karen Brown, and Olivia Trask's Motion for Summary Judgment [ECF No. 104] is hereby GRANTED.

A final judgment dismissing the action will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 27th day of February 2020.

                                              __/s/ David Bramlette_____
                                              UNITED STATES DISTRICT JUDGE